IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT DESHAUN SMITH (Y-15046), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16 C 4902 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| COOK COUNTY DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff was given leave to submit a second amended complaint and has complied. The Court has reviewed the second amended complaint (docketed as amended complaint) [9] pursuant to 28 U.S.C. § 1915A, and finds that it states a claim. Defendants Cook County Department of Corrections ("CCDOC") and Cook County Jail are dismissed. The Court directs the Clerk of Court to: (1) file plaintiff's second amended complaint [9]; (2) alter the caption to make Officer Tankson the lead defendant; (3) issue summonses for service of the second amended complaint [9] on defendants Tankson and Shukair; (3) send plaintiff two blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The Clerk shall update plaintiff's address to show that he is incarcerated at Vandalia Correctional Center with the above Illinois Department of Corrections identification number. Plaintiff is reminded that he must timely notify the Court of any change of address and his failure to do so may result in dismissal of this case. The Court advises plaintiff that a completed USM-285 form is required for service on each defendant. The U.S. Marshal will not attempt service on defendants unless and until the required forms are received. The U.S. Marshal is appointed to serve defendants.

## STATEMENT

Plaintiff Robert Deshaun Smith, who is currently incarcerated at Vandalia Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges as follows. On March 23, 2016, when he was incarcerated at Cook County Jail, he slipped on a puddle of water and fell. Officer Tankson, Officer Shukair, and one unknown officer saw the puddle but left it on the dayroom floor without cleaning it up. The officers also saw plaintiff fall but did not check to see if he needed medical attention. Another inmate came over and helped him off the floor and back to his cell. Once back in his cell, plaintiff told Officer Tankson that his lower back was in a lot of pain and that he needed to go to the hospital. Officer Tankson laughed, told plaintiff to put in a medical request slip, and closed the cell door. On March 28, 2016, plaintiff saw a nurse who examined him and sent him to Cermak for a CT scan. A doctor told him he had a herniated disk, and then two weeks later told him it was instead a problem with a muscle in his lower back and some nerve damage. Plaintiff has been on muscle relaxers and pain pills for

constant pain, which has not subsided since his fall. Plaintiff names as defendants Officer Tankson, Officer Shukair, the Cook County Department of Corrections, and Cook County Jail. He claims that defendants failed to provide him with a safe living environment because they did not clean up puddles of water and claims that they were deliberately indifferent to his medical needs. Currently before the Court is plaintiff's second amended complaint for initial review.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The second amended complaint states a claim against Defendant Tankson for deliberate indifference to plaintiff's medical needs. "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *see Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998) (explaining that deliberate indifference claims against jail personnel arise under the Fourteenth Amendment rather than the Eighth Amendment but are analyzed under same standard). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). The length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment. *Id.* Here plaintiff alleges that he told Officer Tankson that his lower back was in a lot of pain and that he needed immediate medical attention. In response Officer Tankson laughed and told him to submit a medical request. Plaintiff alleges that he was not treated until five days later, and was eventually told by doctors that he had a herniated disk

and/or nerve damage, and also alleges that his pain persists. Construing those allegations liberally, the Court finds that an inference of deliberate indifference on Officer Tankson's part is plausible. *See Gutierrez v. Peters*, 111 F.3d 1364, 1370–71 (7th Cir. 1997) (deliberate indifference to an inmate's back strain could amount to a constitutional violation); *Grieveson v. Anderson,* 538 F.3d 763, 778–80 (7th Cir. 2008) (guards could be liable for delaying treatment for painful broken nose by a day-and-a-half); *Cooper v. Casey,* 97 F.3d 914, 916–17 (7th Cir. 1996) (question of fact as to whether plaintiff's pain was sufficient enough such that 48-hour delay in receiving pain medication after a beating could rise to deliberate indifference). But plaintiff's allegations against Defendant Shukair – that he did not ask plaintiff if he wanted medical care after he fell on a puddle of water – do not similarly raise an inference of deliberate indifference. Accordingly, plaintiff may proceed on his deliberate indifference claim against only Defendant Tankson.

As long as this federal claim remains viable, plaintiff may also proceed with a supplemental state-law negligence claim against both officers regarding their alleged failure to prevent his slip and fall. *See Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (citing 28 U.S.C. § 1367(a) and observing that where plaintiff has adequately pleaded § 1983 claims, the Court has supplemental jurisdiction over any related state law claims deriving from a common nucleus of operative fact). To state a claim for negligence, a plaintiff must allege facts to show that defendants owed the plaintiff a duty of care, breached that duty, and the breach proximately caused the plaintiff's injury. *See Barfield v. Keller*, No 15-cv-099, 2015 WL 753722, at *2 (S.D. Ill. Feb. 20, 2015) (citing *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011)). Jailers have a duty under Illinois law to exercise ordinary care for the protection of inmates' health and safety. *See Freeman v. Fairman*, 916 F. Supp. 786, 792 (N.D. Ill. 1996); *see also Mitchell v. Elrod,* 275 Ill. App. 3d 357, 368 (Ill. App. Ct. 1995) ("Jailers are obliged to provide a prisoner with reasonable care."). Plaintiff sufficiently states a negligence claim by alleging that both officers saw a puddle on the dayroom floor, but left it there and did not clean it up.

However, as this Court explained in its prior screening order, plaintiff has no viable federal claim based on the failure to prevent his fall. A constitutional violation concerning an officer's failure to prevent an injury exists when a defendant acted with deliberate indifference to a substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Courts have routinely held that standing water on a prison floor and/or slippery floors do not amount to an objectively serious condition of constitutional concern. *Reynolds v. Powell*, 370 F.3d 1028, 1031-32 (7th Cir. 2004) (citing *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)); *Russo v. Powell,* No. 11-cv-922, 2012 WL 3562777 at *1 (S.D. Ill. Aug. 17, 2012) (citing *Bell v. Ward*, No. 03-2033, 2004 WL 260284 (7th Cir. 2004)). "Simply put, "[a] 'slip and fall,' without more, does not amount to [a constitutional violation]. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Reynolds*, 370 F.3d at 1031 (internal quotation omitted). Accordingly, the second amended complaint does not state a federal claim for failure to prevent plaintiff's injury.

The remaining Defendants – CCDOC and Cook County Jail – are dismissed. A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the

alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1013 (7th Cir. 2000). To state a *Monell* claim against a municipality, a plaintiff must articulate facts supporting an inference that such a custom, policy, or practice caused the constitutional violation. *See, e.g., Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002). Plaintiff alleges no such facts here. Lastly, Cook County Jail is not a suable entity. *See Castillo v. Cook Cty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993) (holding that neither the Cook County Department of Corrections nor its subdivision mail room is "a suable entity"); *Ferguson v. Cook Cty. Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004). Therefore, CCDOC and Cook County Jail are dismissed.

The Clerk of Court is directed to issue summonses for service of the second amended complaint [9] on Defendants Tankson and Shukair and to mail plaintiff two blank USM-285 (U.S. Marshals service) forms. The Court advises plaintiff that a completed USM-285 form is required for each defendant. The U.S. Marshal will not attempt service on defendants unless and until the required forms are received. Plaintiff must therefore complete and return a service form for each defendant, and failure to do so may result in dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve defendants. The Court directs the U.S. Marshal to make all reasonable efforts to serve defendants. The U.S. Marshal is authorized to send a request for waiver of service to defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of this court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any document he files in this Court to defendants or to defense counsel if an attorney has entered an appearance on behalf of defendants. Every document submitted by plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to plaintiff.

**SO ORDERED.**  ENTERED: September 8, 2016

_____
JORGE L. ALONSO
United States District Judge

4